O

# United States District Court
# Central District of California

| | |
|---|---|
| ITN FLIX, LLC; and GIL MEDINA,<br><br>                    Petitioners,<br><br>     v.<br><br>DANNY TREJO,<br><br>                    Respondent. | Case № 2:20-CV-01978-ODW (AGRx)<br><br>**ORDER DENYING PETITION TO VACATE ARBITRATION AWARD [1-1] AND GRANTING REQUEST TO CONFIRM ARBITRATION AWARD [9]** |

## I.     INTRODUCTION

Now before the Court are Petitioners ITN Flix, LLC[1] and Gil Medina's Petition to Vacate Arbitration Award (ECF No. 1-1) and Respondent Danny Trejo's Request to Confirm Arbitration Award (ECF No. 9).  For the reasons discussed below, the Court **DENIES** the Petition to Vacate and **GRANTS** the Request to Confirm the Arbitration Award.[2]

---

[1] As a preliminary matter, Petitioner ITN Flix, LLC is a business entity that cannot represent itself pro se in federal court.  C.D. Cal. L.R. 83-2.2.2; *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993).  Although Petitioner Medina may represent himself pro se, that privilege is unique to him; he may not represent ITN Flix, LLC.  *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966).  Consequently, the Court **DISMISSES** the Petition as to ITN Flix, LLC.  The Court therefore refers to Medina as the sole Petitioner.

[2] Having carefully considered the papers filed in connection with the Petition, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.     BACKGROUND

The present action is the latest in a long-running legal dispute between Medina and his company ITN Flix, LLC, on the one hand, and Danny Trejo and many of his affiliates, on the other.  The legal dispute stems from two agreements between Medina and Trejo, a Master Licensing Agreement ("MLA") and an Acting Agreement.  (Notice of Removal ("Removal") Ex. A (Pet. Vacate Arbitration Award ("Pet.")) Attach. 4(b) ("MLA"), ECF No. 1-1; Opp'n Pet. & Req. Confirm Award ("Opp'n") 2, ECF No. 9.)  Pursuant to an arbitration provision in the MLA, Trejo filed a Demand for Arbitration against Medina with JAMS in 2014, seeking declaratory relief and asserting other claims.  (Opp'n 4.)

While the arbitration was pending, this Court in related litigation found that the agreements were unenforceable because key provisions constituted unlawful restraints on trade.  *ITN Flix, LLC v. Hinojosa*, No. 14-cv-8797-ODW (RZx), 2015 WL 10376624, at *8 (C.D. Cal. May 13, 2015), *rev'd in part on other grounds*, 686 F. App'x. 441 (9th Cir. 2017).  The Ninth Circuit subsequently affirmed that finding. *ITN Flix, LLC v. Hinojosa*, 686 F. App'x 441, 443 (9th Cir. 2017).  As a result, the Arbitrator granted summary judgment for Trejo and found him the prevailing party.  (Decl. Thomas A. Brackey II ("Brackey Decl.") ¶¶ 10–11, Exs. I (Order re Summ. J.), J (Order re Appl. Fees), ECF No. 9-1.)  The Arbitrator directed the parties to meet and confer regarding a motion for attorneys' fees and costs, pursuant to the MLA's provision awarding fees and costs to the prevailing party.  (Order re Summ. J. 5.)

Trejo subsequently moved for attorneys' fees and costs.  (Brackey Decl. ¶ 11.)  Medina opposed, arguing Trejo could not recover his fees because the underlying contracts had been found unenforceable.  (*Id.*)  The Arbitrator concluded Trejo was entitled to his attorneys' fees as the prevailing party because the underlying agreements did not have an illegal object.  (Brackey Decl. ¶¶ 11, 13, Exs. J (Order re Appl. Fees), K ("Arb. Award") 4–5.)  The Arbitrator then awarded Trejo $400,362.50 in fees and $28,347.91 in costs ("Arbitration Award").  (Arb. Award 9.)  The

Arbitrator issued the Arbitration Award on March 19, 2019, and JAMS released and served it on the parties on October 9, 2019. (*Id.* at 9–10; Brackey Decl. ¶ 13.)

On January 16, 2020, Medina, proceeding pro se, filed his Petition to Vacate Arbitration Award in the Los Angeles Superior Court. (*See* Pet.) Trejo removed the action based on diversity jurisdiction, opposed the Petition, and requested that the Court confirm the Arbitration Award. (Notice; Opp'n.) Medina filed a further Statement in support of the Petition to Vacate (Pet'r's Statement ("Statement"), ECF No. 10)[3] and Trejo filed a Reply in Support of his Request for Confirmation of Award (Resp't Reply ("Reply"), ECF No. 12). The Court notified the parties it would construe the Petition as a motion to vacate and the Opposition as both an opposition to the Petition and a request to confirm the Arbitration Award. (Order, ECF No. 11.)

### III. LEGAL STANDARD

Under the Federal Arbitration Act ("FAA")[4], a federal court's review of arbitration awards is "extremely limited." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003) (en banc); *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard." *Kyocera Corp.*, 341 F.3d at 994. If a party seeks to have an arbitration award confirmed by a federal court, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9.

As relevant here, under 9 U.S.C. § 10, a district court may vacate an arbitration award where "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not

---

[3] As Medina's Statement is not paginated, the Court refers to the ECF pagination at the top of each page when necessary.

[4] Medina and Trejo both rely on the FAA for the relief they seek. (*See* Statement 4, 7 (relying on 9 U.S.C. §§ 10, 11 to argue the Court should vacate or modify the Arbitration Award); Opp'n 14 (relying on 9 U.S.C. § 9 to argue the Court should confirm the Arbitration Award).) Accordingly, the Court applies the FAA.

made." An arbitrator exceeds her power not by merely interpreting or applying the governing law incorrectly, but when the award is "completely irrational, or exhibits a manifest disregard of law." *Kyocera*, 341 F.3d at 997 (citation and internal quotation marks omitted). To vacate an arbitration award for manifest disregard of the law, "[i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010) (quoting *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995)).

### IV. DISCUSSION

Medina asks the Court to vacate the arbitration award, asserting that the arbitrator exceeded her authority. (*See* Pet. Attach. 10c(2) at 2; Statement 2–7.) Trejo opposes, arguing that the Petition is untimely and improperly requests that the Court reconsider the Arbitrator's legal conclusions. (*See* Opp'n 8–14.) Trejo also seeks confirmation of the Arbitration Award, entry of judgment in his favor including pre- and post-judgment interest, and attorneys' fees and costs incurred in this action. (*Id.*) The Court finds that the Petition is untimely and, in any event, Medina's arguments are really an attempt to appeal the Arbitrator's decision or even seek *de novo* review.[5] The Court lacks that authority. Accordingly, as the Court finds no basis to vacate, modify, or correct the arbitration award, the Court confirms the award.

### A. Petition to Vacate Arbitration Award—Timeliness

Trejo first argues the Petition is untimely. (Opp'n 8–10.) Medina does not respond to this argument and therefore concedes this point. (*See generally* Statement.) The FAA requires notice to be "served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. This deadline is

---

[5] Medina asserts several arguments in his Statement, including that the Arbitrator based the award on the "non-fact" that the agreements were enforceable, she misinterpreted the agreements since their terms became "null and void," and she improperly awarded fees because the agreements were found to be unenforceable. (Statement 2–4.) Medina's arguments at their heart boil down to the assertion that the Arbitrator reached the wrong conclusion in granting fees and an improper request that the Court reconsider the Arbitrator's legal conclusions. *See Kyocera Corp.*, 341 F.3d at 994.

strict and a petition will be denied if it is even one day late. *Stevens v. Jiffy Lube Int'l, Inc.*, 911 F.3d 1249, 1251 (9th Cir. 2018) (affirming denial of a petition to vacate arbitral award filed and served one day late); *see also Romero v. Citibank USA, Nat'l Ass'n*, 551 F. Supp. 2d 1010, 1013 (E.D. Cal. 2008) ("A motion to vacate an arbitration award after the three months prescribed time is not permitted, even if filed as part of an opposition to a motion to confirm an arbitration award . . . .").

JAMS released and served the Arbitration Award on October 9, 2019. (Arb. Award 10.) Three months from that date is January 9, 2020. *See* Fed. R. Civ. P. 6; *Stevens*, 911 F.3d at 1252 (calculating three months under Federal Rule of Civil Procedure 6). Yet, Medina filed his Petition on January 16, 2020, a week beyond the deadline. (*See* Pet. 3.) Further, Trejo contends Medina never served the Petition on him. (Brackey Decl. ¶ 15 ("[Medina] never served the Petition on Mr. Trejo.").) "Instead, [Medina] merely emailed a copy to Mr. Trejo's counsel" on January 31, 2020." (Opp'n 9; Brackey Decl. ¶ 15.) Medina does not respond to Trejo's argument on this point to offer evidence of timely service. And even if the January 31 email could be considered "service," it was twenty-two days too late. Accordingly, the Petition is untimely and the Court **DENIES** the Petition to Vacate the Arbitration Award.

### B. Petition to Vacate Arbitration Award—Manifest Disregard

The Petition also fails because Medina does not establish that the Arbitrator exceeded her authority. The Court has the authority to vacate or modify an arbitration award where the arbitrator has manifestly disregarded the law. *See Kyocera*, 341 F.3d at 997. However, Medina offers no indication that the Arbitrator "recognized the applicable law and then ignored it." *Lagstein*, 607 F.3d at 641.

The Arbitration Award contains an entire section addressing the argument Medina advances here, that the fee award is precluded because the underlying contracts were found unenforceable. (*See* Arb. Award 4–5.) The Arbitrator first reviewed the relevant law and discussed that, while courts will not uphold a fee

provision in a contract with an illegal object, a fee provision in a contract that has a legal object but is otherwise unenforceable would be upheld. (*Id.* (discussing *Yuba Cypress Housing Partners. Ltd. v. Area Devs.*, 98 Cal. App. 4th 1077, 1082 (2002), among other authority).) The Arbitrator explained that the underlying agreements at issue here were ruled unenforceable because the key provisions constituted unlawful restraints on trade, not because of any illegal object that would preclude a fee award. (*Id.* at 5.) She thus concluded that Trejo "may recover attorney fees under the [a]greements, even if the [a]greements were ruled unenforceable." (*Id.*) Even a cursory review of the Arbitration Award makes it clear the Arbitrator did not manifestly disregard the law.[6]

Medina's argument essentially requires this Court to reassess the Arbitrator's legal conclusions. The Court can find no legal basis to do so. The review Medina seeks is simply inconsistent with the Court's limited role under 9 U.S.C. § 10. The Court has no authority to question the Arbitrator's reasoned legal conclusions. For this additional reason, the Petition to Vacate the Arbitration Award is **DENIED**.[7]

### C.     Request to Confirm Arbitration Award

Trejo requests that the Court confirm the Arbitration Award and enter Judgment in his favor. (Opp'n 14.) The FAA mandates that a district court must confirm an arbitration award unless it is "vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. The MLA and 9 U.S.C. § 9 authorize this Court to enter judgment. (*See* MLA § 12(g) ("A judgment on the award rendered by the

---

[6] Any attempt by Medina to recast his Petition as asserting that the Arbitration Award is "completely irrational" also fails, as the attorneys' fees award derives from the MLA arbitration provision. (*See* MLA § 12(g)); *Lagstein*, 607 F.3d at 642 ("An award is completely irrational only where the arbitration decision fails to draw its essence from the agreement.").

[7] As an apparent last-ditch effort, Medina requests that the Court "modify and correct" the Arbitration Award to "promote justice between the parties." (Statement 7 (citing 9 U.S.C. § 11).) However, his request to "modify" is merely yet another incarnation of his request to vacate. (*Id.* at 8 ("Medina requests the Court to modify the arbitral award to deny legal fees or any other related fees to any other party in this dispute.").) Thus, the Court declines to "modify" the Arbitration Award for the same reasons it denies the Petition.

arbitrator may be entered in any court having jurisdiction thereover," specifically, state and federal courts "having jurisdiction over Los Angeles.").)  Had the MLA not so authorized, entry of judgment would nevertheless be within this Court's jurisdiction because the Arbitration Award issued in Los Angeles.  *See* 9 U.S.C. § 9 ("If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.").  Trejo complied with all the statutory conditions for confirming the Arbitration Award and Medina fails to establish any ground for vacating or modifying it.  Accordingly, the Court **GRANTS** Trejo's Request and **CONFIRMS** the Arbitration Award.

**D.     Interest, Fees, and Costs**

Trejo also seeks pre- and post-judgment interest and attorneys' fees and costs incurred in this action.  (Opp'n 16–18.)  Medina does not oppose these requests.  (*See generally* Statement.)

*1.     Interest*

As this is a diversity action, California law determines the rate of pre-judgment interest.  *Lund v Albrecht*, 936 F.2d 459, 464 (9th Cir. 1991); *Northrop Corp. v. Triad Int'l Mktg., S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988).  A prevailing party in arbitration is entitled to pre-judgment interest on the entire award, including attorneys' fees, from the date of the final award to entry of judgment.  *See* Cal. Civ. Code. § 3287(a)[8]; *Tenzera, Inc. v. Osterman*, 205 Cal. App. 4th 16, 21–22 (2012) (first citing *Pierotti v. Torian*, 81 Cal. App. 4th 17, 27–28 (2000); then citing *Britz, Inc. v. Alfa–Laval Food & Dairy Co.*, 34 Cal. App. 4th 1085, 1106–07 (1995)).  Thus, Medina is entitled to recover pre-judgment interest on the entire $428,710.41 Arbitration Award, from the date the Award issued, March 9, 2019, until the date Judgment is entered in this action.

Regarding post-judgment interest, "[i]t is settled that even in diversity cases "[p]ost-judgment interest is determined by federal law."  *Northrop Corp.*, 842 F.2d

---

[8] Section 3287(a) provides: "A person who is entitled to recover damages certain . . . and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day . . . ."  Cal. Civ. Code § 3287(a).

at 1155. "Interest shall be . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a). Trejo is entitled to post-judgment interest on the principal amount of the Arbitration Award $428,710.41 with the interest rate pursuant to 28 U.S.C. § 1961(a) from the date Judgment issues in this action until the award is paid in full.

*2. Attorneys' Fees and Costs*

Trejo seeks $8306.25 in attorneys' fees and $400 in filing costs incurred in connection with this action.[9] (Opp'n 17.) The MLA expressly authorizes recovery of these fees and costs, (MLA § 12(g)), and the Court agrees with the Arbitrator that attorneys' fees are recoverable (*see* Arb. Award 5).

Generally, in assessing attorneys' fees, courts calculate the "lodestar" figure by multiplying the "number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1157 (9th Cir. 2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In determining a reasonable hourly rate, courts consider the experience of the attorneys requesting fees and the prevailing comparable rates in the community. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir.1985). Courts may reduce an attorneys' fee award where the documentation is lacking or where the hours billed were not reasonably expended. *Hensley*, 461 U.S. at 433–34. District courts may also rely on their own knowledge and experience regarding the legal market. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Trejo's counsel seeks approval of $600 per hour for Managing Partner of Blue Water Law P.C., Thomas A. Brackey II, for 4 hours billed on this matter (4 x $600 = $2400). Counsel also seeks approval of $375 per hour for Senior Associate Jugpreet S. Mann, who billed 15.75 hours on this matter (15.75 x $375 = $5906.25). Mr.

---

[9] This amount does not include time spent reviewing Medina's Statement or preparing Trejo's Reply, which fees Trejo does not seek. (*See generally* Reply.)

Brackey provides adequate support for his and Mr. Mann's rates and hours expended on this matter. (*See* Brackey Decl. ¶¶ 16–19.) Further, based on the Court's familiarity with the relevant legal market, the Court finds the requested rates and hours reasonable. The Court thus **AWARDS** the requested **attorneys' fees** of **$8306.25**. The Court also **GRANTS** Trejo's request to recover **$400** in filing fees incurred in the removal of this matter, as such costs are recoverable. (*See* Brackey Decl. ¶ 20.)

## V. CONCLUSION

As the Court finds no basis to vacate, modify, or correct the Arbitration Award, the Court must confirm the award. 9 U.S.C. § 9. Accordingly, the Court **GRANTS** Trejo's Request for Confirmation of the Arbitration Award (ECF No. 9) and **DENIES** Medina's Petition to Vacate the same (ECF No. 1-1). The Arbitration Award of $428,710.41 is confirmed. The Court **GRANTS** Trejo's request for pre- and post-judgment interest. Finally, the Court **GRANTS** Trejo's request for fees and costs and **AWARDS $8706.25**. **Trejo shall submit a Proposed Judgment**, including applicable rates of interest, **no later than fourteen days** after the date of this Order.

**IT IS SO ORDERED.**

September 30, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**